AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  3:18 mj587 |
| INFORMATION ASSOCIATED WITH PARTICULAR CELLULAR TOWERS | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
SEE ATTACHMENT A - This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized):*

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(u) | Theft of firearms from a Licensee |

The application is based on these facts:

### SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA CHRISTOPHER REED, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/30/18

_____
*Judge's signature*

City and state:  DAYTON, OHIO

MICHAEL J. NEWMAN U.S. MAGISTRATE JUDGE
*Printed name and title*

55IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF
INORMATION ASSOCIATED WITH
PARTICULAR CELLULAR TOWERS

Case No. 3 : 18 mj 587

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Christopher Reed**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") that is in the possession, custody, and/or control of **AT&T Mobility**, a cellular service provider located at 11760 US Hwy 1, North Palm Beach, Florida 33408; **Cellco Partnership DBA Verizon Wireless** a cellular service provider located at 180 Washington Valley Road, Bedminster, New Jersey 07921; **T-Mobile USA**, a cellular service provider located at 4 Sylvan, Parsippany, New Jersey 07054; and **Sprint/Nextel Communications**, a cellular service provide located at 6480 Sprint Parkway, Overland Park, Kansas 66251. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.      I have been employed with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Special Agent (S/A) since May, 2008. Prior to my employment with ATF, I received additional law enforcement training at the Indianapolis Police Department's Police Academy. I was a sworn police officer with the Indianapolis Metropolitan Police Department (IMPD) for approximately (8) years. As a police officer, I conducted investigations in the duty capacity as a uniform officer, narcotics detective and as an ATF Task Force Officer. I have been involved in numerous investigations of Federal firearms and narcotic violations. These investigations have resulted in the arrest and conviction of criminal defendants.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(u) – Theft of Firearms from a Licensee, have been committed. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5.      On or about August 7, 2018, I was notified by ATF Joint Support and Operations Center (JSOC) of a theft of firearms from Lev's Pawn Shop, a federal firearms licensee, located at 65 South Broad Street, Fairborn, Ohio. Later that afternoon, I as well as other ATF agents responded to the location and spoke with two of the employees of the business. During the

2

interviews, I was advised that approximately twenty-six (26) firearms were unlawfully taken from the business on August 6, 2018 at approximately 12:35 a.m. Lev's Pawn Shop had a surveillance camera system which captured the theft taking place.

6.     I personally observed a portion of the surveillance video which showed two subjects entering the business from the ceiling. The subjects were in the pawnshop for a brief period of time before exiting the store back through the hole in the ceiling.

7.     On August 9, 2018, I spoke with Fairborn Police Detective Ryan Whitaker. Det. Whitaker informed me that he watched an extended period of time of the surveillance video. He related that he observed two (2) individuals enter through a hole in the ceiling and remain on the premises for approximately three minutes at which time the business alarm was activated and the subjects left the premises. Shortly thereafter, Det. Whitaker observed lwhat he believed to be a cellular phone ring and light up in the business. Approximately twenty minutes after the first entry, Det. Whitaker observed heads and flashlights appear through the hole in the ceiling and look around. Shortly thereafter, the cellular phone rang again. After the cellular phone rang, individuals reentered the premises. Det. Whitaker advised he spoke with the manager of the pawn shop who confirmed that cellular phones would not have been left at the business overnight. Therefore, it is reasonable to believe that the cellular phone that appeared on the surveillance video belonged to one of the individuals involved in the theft of the firearms. A cellular phone was not recovered from the business following the theft.

8.     On August 23, 2018, I reviewed portions of the surveillance video provided by Det. Whitaker. I also observed what I believe to be a cellular phone activate several times inside the pawnshop between the approximate hours of 12:30 a.m. and 2:03 a.m.

3

9. In my training and experience, I have learned that **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** are companies that provides cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it.

10. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

11. Based on my training and experience, I know that cellular providers, such as **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** routinely and in their regular course of business maintain historical cell-tower log information, including records identifying wireless communications that were transmitted through a particular cell tower. For each communication, these records may

4

include the telephone call number and unique identifiers for the wireless device that sent or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device); the date, time, and duration of the communication; the cell tower(s) that handled the communication as well as the "sectors" (i.e. the faces of the towers) that received a radio signal from the locally served wireless device; and the type of communication transmitted (such as phone call or text message).

12.     Based on my training and experience and the above facts, information obtained from cellular service providers such as **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications,** that reveals the cell tower (and, where applicable, sector) that were used by a given cellular device to engage in a particular communication can be used to show that the device was in the general vicinity of the cell tower at the time the communication occurred.  Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of Lev's Pawnshop located at 65 South Broad Street, Fairborn, Ohio at and around the time the crime occurred**.** This information, in turn, will assist law enforcement in determining which person(s) were present during the theft of firearms from the Federal Firearms Licensee.

## AUTHORIZATION REQUEST

13.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

14.     I further request that the Court direct **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** to disclose to the

5

government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

15.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Christopher Reed
Special Agent
Bureau of Alcohol Tobacco Firearm (ATF)

Subscribed and sworn to before me on August 30, 2018

MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to records and information associated with the following cellular

antenna towers ("cell towers") at the following dates and times:

| Cell Towers | Dates | Times (Eastern Stand Time) |
|---|---|---|
| The cell towers that provided cellular service to 65 South Broad Street, Fairborn, Ohio | August 6, 2018 | 12:30 a.m. to 2:05a.m. |

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be Disclosed by the Provider**

For each cell tower in described in Attachment A, the cellular service providers identified below are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower during the corresponding timeframe(s) listed in Attachment A, including records that identify:

    a.  the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

    b.  the source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that transmitted a communication to, or to which a communication was transmitted by, the locally served wireless device);

    c.  the date, time, and duration of each communication;

    d.  for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device; and

    e.  the type of the communication transmitted through the tower (such as phone call or text message).

These records should include records about communications that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

The following cellular service providers are required to disclose information to the United States pursuant to this warrant:

1. **AT&T Mobility**, a cellular service provider located at 11760 US Hwy 1, North Palm Beach, FL 33408.

2. **Cellco Partnership DBA Verizon Wireless** a cellular service provider located at 180 Washington Valley Road, Bedminster, NJ 07921.

3. **T-Mobile USA**, a cellular service provider located at 4 Sylvan, Parsippany, NJ 07054.

4. **Sprint/Nextel Communications**, a cellular service provide located at 6480 Sprint Parkway, Overland Park, KS 66251.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 922(u) –theft of firearms from a licensee that occurred on or about August 6, 2018.